IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
C.A. No. 5:09-cv-507

| | | |
|---|---|---|
| TRACY L. GODFREY, II, | ) | |
|                               Plaintiff, | ) | |
| | ) | |
| vs. | ) | VERIFIED COMPLAINT |
| | ) | |
| PORTFOLIO RECOVERY | ) | JURY TRIAL DEMANDED |
| ASSOCIATES, LLC, | | |
|                              Defendant. | ) | |
| _____ | ) | |

NOW COMES Plaintiff Tracy L. Godfrey, II, by and through counsel, and makes this Verified Complaint against Defendant Portfolio Recovery Associates, LLC, alleging and saying as follows:

**INTRODUCTION**:

This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692, et seq., which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and North Carolina laws which also prohibit such practices. When it enacted the FDCPA, Congress found extensive evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors. Two of Congress' stated purposes in enacting the FDCPA were to eliminate abusive and deceptive debt collection practices and to ensure that those debt collectors who refrain from abusive practices are not competitively disadvantaged. U.S. v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 135 (4th Cir. 1996). A debt collector's filing of a lawsuit on a time-barred debt is an unfair and unconscionable means of collecting the debt. Kimber v. Fed. Fin. Corp., 668 F.Supp. 1480, 1487 (M.D. Ala. 1987).

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the FDCPA and North Carolina law in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

4. This case is brought within one year of the FDCPA violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

## **PARTIES**

5. Plaintiff Tracy L. Godfrey, II, is a natural person residing in the City of Raleigh, County of Wake, State of North Carolina, and is a "consumer" and/or a person affected by a violation of the Fair Debt Collection Practices Act under 15 U.S.C. §§ 1692a(3) and 1692k .

6. Plaintiff is also a "consumer" as defined by the North Carolina Debt Collection Act (hereinafter, "NCDCA") at N.C. Gen. Stat. § 75-50(1).

7. Plaintiff is also a "consumer" as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. § 58-70-90(2).

8. Defendant Portfolio Recovery Associates, LLC (hereinafter, "Portfolio") is, upon information and belief, an Delaware corporation, with a principal place of business at 120 Corporate Boulevard, Suite 100, Norfolk, VA  23502, and with a registered agent for service of process at 120 Penmarc Drive, Suite 118, Raleigh, North Carolina  27603.

9. Portfolio is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

10. Portfolio regularly attempts to collect consumer debts alleged to be due to

another.

11. As of October 28, 2009, Portfolio's website, at www.portfoliorecovery.com, stated "We acquire portfolios of charged-off and bankrupt consumer debt at a discount and seek to collect a multiple of our purchase price over the economic life of a portfolio."

12. Portfolio was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

13. Portfolio was and is also a "collection agency" as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. § 58-70-90.

14. In the alternative to the allegation of Paragraph 13 hereinabove, Portfolio was and is also a "debt collector" as defined by NCDCA at N.C. Gen. Stat. § 75-50.

15. With respect to Portfolio, the alleged debt in this matter is a "debt" as that term is defined by the FDCPA at 15 U.S.C. § 1692a(5).

16. With respect to Portfolio, the alleged debt in this matter is also a "debt" alleged to be owed as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. § 58-70-90(3).

17. In the alternative to the allegation of Paragraph 16 hereinabove, with respect to Portfolio, the alleged debt in this matter is also a "debt" alleged to be owed as defined by NCDCA at N.C. Gen. Stat. § 75-50.

**FACTUAL ALLEGATIONS**

18. Plaintiff is a youth counselor whose non-profit employer recently shut down due to lack of funding. He will be returning to college in the spring to pursue a new career in interior design.

19. On or about September 30, 2009, Defendant served Plaintiff with a summons and

complaint alleging that Plaintiff had defaulted on a debt to Defendant's alleged predecessor in interest, purportedly named "Capital One, N.A.," in the amount of $1,036.74. Copies of said summons and complaint are attached hereto as "Exhibit A."

20. Defendant has listed an account of approximately the same amount on Plaintiff's Trans Union and Experian credit reports.

21. On the Trans Union and Experian credit reports, Defendant lists an account number for the alleged account.

22. The account number Defendant lists on Plaintiff's credit report matches the number also listed on Plaintiff's credit report for an account listed by an entity named Capital One Bank, U.S.A., N.A.

23. Plaintiff obtained and used the account listed by Capital One Bank, USA, N.A. to pay for living expenses, such as groceries, when he was a student in 2005.

24. Upon information and belief, based on statements of the employees or agents of Capital One Bank, U.S.A., N.A., the account listed on Plaintiff's credit reports by both Capital One Bank, U.S.A., N.A. and Defendant is the same account upon which Defendant is suing Plaintiff in the lawsuit documented in "Exhibit A."

25. Upon information and belief, based on information in Plaintiff's credit report, no payment has been made on the account listed by Capital One Bank, USA, N.A. since approximately October 2005.

26. Upon information and belief, based on information in Plaintiff's credit report, the account listed by Capital One Bank, U.S.A., N.A., was closed in June, 2006.

27. Upon information and belief, based on information in Plaintiff's credit report and the statements of employees or agents of Capital One Bank, U.S.A., N.A., Capital One Bank,

U.S.A., N.A., no longer owns said account.

28. Defendant's listing on Plaintiff's credit report does not show any payments made on this alleged account at any time since Defendant allegedly purchased it.

29. Plaintiff has never made any payments to Defendant or anyone else other than Capital One Bank, U.S.A., N.A., on this alleged account.

30. N.C. Gen. Stat. 1-52(1) provides a three-year statute of limitations for any action "upon a contract, obligation or liability arising out of a contract, express or implied [...]"

31. Upon information and belief, Capital One Bank, U.S.A., N.A., is a credit card issuer.

32. A credit card agreement is a type of contract.

33. Defendant filed the instant action on or about September 22, 2009.

34. Defendant filed the instant action more than three years after any cause of action for non-payment arose on the alleged account.

35. Defendant knew or should have known that, by the time they filed this action, the statute of limitations had run as to this alleged debt.

36. As a result of Defendant's actions, Mr. Godfrey has suffered anxiety, frustration, and inconvenience in attempting to resolve this matter, and has had to hire an attorney.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### Count One: Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692 et seq.

38. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

39. One purpose of the FDCPA is to protect even unsophisticated consumers who might pay a time-barred debt rather than assert the defense.

40. Plaintiff has filed a time-barred collection suit, as described hereinabove.

41. The filing of the time-barred suit is an unconscionable and unfair means of collecting an alleged debt, in violation of the FDCPA at 15 U.S.C. § 1692f; a deceptive representation in connection with collection of an alleged debt, in violation of 15 U.S.C. § 1692e; a false representation of the character and legal status of the alleged debt, in violation of the FDCPA at 15 U.S.C. § 1692e(2)(A); and a deceptive means to attempt to collect a debt, in violation of the FDCPA at 15 U.S.C. § 1692e(10).

42. As a result of Defendant's actions, Plaintiff has suffered anxiety, frustration, and inconvenience in attempting to resolve this matter, and has had to hire an attorney.

43. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**Count Two: Violations of North Carolina Prohibited Practices by Collection Agencies**
**N.C. Gen. Stat. §58-70-90, et. seq.**

44. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

45. At all times relevant, Plaintiff, acting by and through its officers, agents, employees, or assigns, was engaged in commerce in the state of North Carolina.

46. Plaintiff has filed a time-barred collection suit, as described hereinabove.

47. The filing of such suit is an unconscionable and unfair means of collecting an alleged debt, in violation of North Carolina's Prohibited Acts by Collection Agencies, at N.C. Gen. Stat. § 58-70-115(4), and a false representation of the character and legal status of the alleged debt, in violation of N.C. Gen. Stat. § 58-70-110(4).

48. Plaintiff's acts are also unfair and deceptive in violation of N.C. Gen. Stat. § 75-1.1 in that they offend established public policy, and are immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and have the capacity or tendency to mislead.

49. As a result of Plaintiff's actions, Mr. Godfrey has suffered anxiety, emotional distress, inconvenience, and has had hire an attorney.

50. As a result of Defendant's violations North Carolina's Prohibited Acts by Collection Agencies, Plaintiff is entitled to actual damages and to statutory damages in an amount not less than $500.00 but no greater than $4,000.00 pursuant to N.C. Gen. Stat. §58-70-130; and, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-16.

**Count Three: Violations of the North Carolina Debt Collection Act**

(*In The Alternative To Count Two*)

**N.C. Gen. Stat. §75-50, et seq.**

51. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

52. At all times relevant, Defendant, acting by and through its officers, agents, employees, or assigns, was engaged in commerce in the state of North Carolina.

53. Defendant has filed a time-barred collection suit, as described hereinabove.

54. The filing of such suit is an unconscionable and unfair means of collecting an

alleged debt, in violation of NCDCA at N.C. Gen. Stat. § 75-55, and a false representation of the character and legal status of the alleged debt, in violation of N.C. Gen. Stat. § 75-54(4).

55. Defendant's acts are also unfair and deceptive in violation of N.C. Gen. Stat. § 75-1.1 in that they offend established public policy, and are immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and have the capacity or tendency to mislead.

56. As a result of Defendant's actions, Mr. Godfrey has suffered anxiety, emotional distress, inconvenience, and has had hire an attorney.

57. Defendant is therefore liable under N.C. Gen. Stat. §§ 75-56 and 75-16 to Mr. Godfrey for his actual damages, his statutory damages in an amount of up to $4,000 per violation, and costs and attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tracy L. Godfrey, II, prays the Court to:

1. Award him on his First Cause of Action actual damages in an amount to be determined at trial and statutory damages of $1,000.00 pursuant to the violations of the Fair Debt Collection Practices Act alleged therein;

2. Award him on his Second Cause of Action actual damages in an amount to be determined at trial and $4000 in statutory damages per violation pursuant to the violations of N.C. Gen. Stat. § 58-70-90, et. seq. alleged therein; or, in the alternative, award him on his Third Cause of Action actual damages in an amount to be determined at trial and $4000 in statutory damages per violation pursuant to the violations of N.C. Gen. Stat. § 75-50, et. seq. alleged therein;

3. Award him his costs of litigation and reasonable attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 and 15 U.S.C. § 1692k(a)(3);

4. Award him the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest;

5. Grant trial before a jury on all issues so triable; and

6. Grant such other and further relief as the Court deems just and proper.

THIS the 23d day of November, 2009.

Respectfully submitted,

By: /s/ Suzanne Begnoche
SUZANNE BEGNOCHE
Suzanne Begnoche, Attorney at Law
Attorney for Plaintiff
NCSB # 35158
312 West Franklin Street
Chapel Hill, NC 27516
begnoche@mindspring.com
Telephone: (919) 960-6108
Facsimile: (919) 967-4953

STATE OF NORTH CAROLINA
WAKE COUNTY

## VERIFICATION

Tracy L. Godfrey, II, being duly sworn, deposes and says:

1.  I am an adult person, and competent to testify as to the matters stated herein and in the forgoing Complaint.

2.  I have read the forgoing Complaint prepared by my attorney, and its contents are true to my own personal knowledge, except as to matters stated on information and belief, and as to those matters, I believe them to be true after reasonable inquiry.

3.  I believe that the Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that the Complaint is not interposed for any improper purpose, such as to harass any other party, cause unnecessary delay to any other party, or create a needless increase in the cost of litigation to any other party named in the Complaint.

5.  I have filed the Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit I have provided to my attorney which has been attached to the Complaint is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Tracy L. Godfrey, II

Sworn to and subscribed before me, this ____17th____ day of __November__, 2009.

_____
Notary Public
My commission expires: 8-10-2014

[Notary Seal: CYNTHIA ARNOLD NOTARY, Comm. Exp. 8-10-2014, WAKE COUNTY, PUBLIC, NC]